1810.
Legoux
vs
Wante

The cause was argued before BUCHANAN, GANTT, and EARLE, J. by

Johnson, (Attorney General,) for the State; and by Martin, for the Appellee, and by the Appellee in propria persona.

THE COURT agreed in opinion with the court below as expressed in the bill of exceptions.

GANTT, J. dissented.

JUDGMENT AFFIRMED.

DECEMBER.

**LEGOUX, et al. vs. WANTE.**

To a bill in chancery for the sale of mortgaged premises; the defendant answered, that the mortgage was executed to secure the payment of money loaned at a usurious interest, and he exhibited certain interrogatories to be answered by the complainant *Held,* that the principle of equity is, that no person is bound to answer so as to subject himself to punishment; but not so where the answering would create or occasion a forfeiture of his claim. The answer of the complainant might subject him to a forfeiture or fine for the offence.

Where the person who may have borrowed money on usurious interest, seeks relief in equity, he must do equity, and do what is right between the parties, which is the paying or tendering what is legally due.

APPEAL from the Court of Chancery. A bill was filed by *Wante* against the appellants, for the foreclosure of the equity of redemption in certain lands mortgaged by *Legoux* to *Wante*, by deed dated the 2d of November 1799, to secure the payment of $5900, on the 1st of October 1805, and for other relief, &c. The answer of *Legoux* stated, that the mortgage was executed to secure the payment of money loaned at a usurious interest, and he pleaded and relied on the act of assembly passed on that subject. He afterwards, by his petition, prayed that the complainant answer certain interrogatories to be propounded to him, and among others the following—"4th. Did not the complainant press for the payment of his debt, and did he not afterwards consent to give time to the defendant, *Legoux*, to pay the same; if so, what time, and what sum did the complainant, agree to give for the time? 5th. What rate of interest did the complainant demand for his money if he gave further time to pay the debt, and what rate of interest did the defendant finally agree to pay, &c. 6th. Did or did not *Legoux*, to secure the payment of the sum of money before mentioned as due from him on the 2d of October 1799, execute the deed of mortgage; was there any other consideration for that deed except the said debt, and what other consideration?" The complainant excepted to these interrogatories, and demurred generally to their being answered.

KILTY, Chancellor, (July 1808). The chancellor considers the principle of equity to be, that no person is bound to

1810.

M'Mechen
vs
Grundy, &c.

answer so as to subject himself to punishment; and not, as contended for the defendant, where the answering would create or occasion a forfeiture of his claim. In this case, the answer of the usury might subject him to a forfeiture or fine for the offence; and it has not been shown, by the counsel for the defendant, that it would not. It is certain that where the person who may have borrowed money on usurious interest seeks relief in equity, he must do equity, and do what is right between the parties, which is the paying or tendering what is legally due, but it is contended for the defendant that he does not bring the suit, or desire the interference of the court.

A decree was afterwards passed for a sale of the mortgaged premises, to satisfy the whole of the mortgaged debt. In that decree the chancellor stated, that the burthen of the proof of usury was on *Legoux*, and that it was not proved. That the complainant's counsel in the argument stated his willingness to take a decree for the principal and legal interest, on account of the insufficiency of the property; but the court could not found a decree upon such an offer, and therefore decreed for the whole sum. From this decree the defendants appealed to this court, where the cause was argued before CHASE, Ch. J. and POLK, and BUCHANAN, J. by

*Johnson*, (Attorney General,) for the Appellants; and by *Boyd* and *Moale*, for the Appellee.

DECREE AFFIRMED.

---

M'MECHEN's Lessee vs. GRUNDY & THORNBURGH.    DECEMBER.

APPEAL from *Baltimore* County Court from a judgment rendered in favour of the defendant in that court, in an action of ejectment brought to recover the possession of a lot of ground in the city of *Baltimore*, described by metes and bounds. The general issue was pleaded.

Where a conveyance of a lot of ground from A B, (who had committed an act of bankruptcy,) to W M, was held not to be fraudulent, it having been made for a valuable consideration, and for

the purpose of *substantially* complying with an engagement of A B to I and J P, to transfer bank stock to them to secure them against any loss they might sustain by endorsing three promissory notes for his accommodation; and A B, not having bank stock, when applied to by I and J P, offered the lot of ground to them as a substitute, and at their instance sold and conveyed it to W M, who took up the said notes—That the preference acquired by I and J P was consequential and nothing more than a substantial fulfilment of the engagement made by A B to them, at the time of endorsing the notes.

To render a payment or transfer by a debtor to his creditor fraudulent as to the other creditors, under the bankrupt law, it must be spontaneously made in consequence of a formed design to become a bankrupt. Here the conveyance made by A B was not voluntary, but produced by the application of I and J P for a transfer of the bank stock, which they were entitled to, and the refusal of A B to comply with his engagement, or to make any provision to indemnify them, would have subjected him to an action at law, or bill in chancery, for a specific execution of his contract; and in that point of view the application of I and J P must be considered as importunate and pressing.